United States District Court
Eastern District of New York

----------------------------------X

Baiju Gohil,

        *Plaintiff,*               **Order**

   - against -                 No. 24-cv-8209(KAM)

Commissioner of the United States
Social Security Administration,

        *Defendant.*

----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

Pending before the Court is a motion for judgment on the pleadings filed by defendant Commissioner of the United States Social Security Administration (the "Commissioner"), (ECF No. 19), after plaintiff Baiju Gohil commenced this action to appeal the Commissioner's denial of Plaintiff's request for a waiver of recovery of an overpayment of disability insurance benefits, (ECF No. 1).

Because Plaintiff's appeal is wholly without merit (and arguably frivolous), it can be resolved succinctly.  For the reasons explained below, the Commissioner's motion for judgment on the pleadings is GRANTED, and the Commissioner's final decision is AFFIRMED.

## DISCUSSION

Plaintiff, a physician who now operates his own hair restoration clinic and has substantial assets (including over one million dollars in investments and three luxury cars for his personal use), (ECF No. 21 at 4), challenges the Commissioner's final decision[1] that he must repay overpaid disability benefits he received between January 2017 and June 2018 due to a kidney disease disability, (ECF Nos. 1 at 1, 21 at 3). Plaintiff presents three arguments that he should be entitled to a waiver of overpayments the Commissioner determined that he must repay: (i) that "he never received written or verbal guidance that he needed to report work activity," (ECF No. 21 at 3); (ii) that "he received no explanation of how the overpayment was calculated," (*id*. at 3-4); and (iii) "that, if forced to repay the overpayment, it would be a financial burden on him." (*Id*. at 4.)

All three of Plaintiff's arguments are refuted by Plaintiff's own factual admissions in the parties' joint stipulation. (ECF No. 21.) *First*, Plaintiff admits that the Commissioner's letters on April 7, 2015 and November 22, 2017 "advised him of his duty to report changes in work status." (ECF No. 21 at 1-2.) *Second*, Plaintiff admits that "[i]n letter dated July 29, 2020, the agency

---

[1] The parties stipulate that the Commissioner's April 11, 2024 "unfavorable decision, finding that Plaintiff had been overpaid and did not qualify for waiver of the overpayment because he was not without fault in creating it," constituted a final decision. (ECF No. 21 at 4-5.)

2

provided a specific dollar breakdown of the overpaid benefits by month." (*Id*. at 3.) *Third*, Plaintiff's argument that repayment "would be a financial burden," (*id*. at 4), is meritless given the repayment amount ($42,018.10) and payment plan ($500 per month), (ECF No. 15 at 22), and given Plaintiff's significant wealth, which includes over one million dollars of investments and three luxury cars (a Hummer, a Mercedes, and a Tesla) for personal use. (ECF No. 21 at 4.)

Plaintiff's arguments fall far short of the standard for remand of a decision by an administrative law judge ("ALJ"). When a plaintiff was overpaid disability benefits, the "[p]laintiff bears the burden of proving that he is entitled to a waiver" of repayment. *Feuer v. Astrue*, No. 06-cv-13478, 2008 WL 4755554, at *3 (S.D.N.Y. Oct. 28, 2008) (citation omitted). "A court must not disturb the Commissioner's final decision if correct legal standards were applied and substantial evidence supports the decision." *Id*. (internal quotations omitted).

Here, Plaintiff's admissions establish that the overpayment was Plaintiff's own fault because he failed to report to the Social Security Administration the change in his work status (i.e. his opening a hair restoration clinic) despite being advised by the Commissioner multiple times that he must do so. (ECF No. 21 at 1-2.) Even if, *arguendo*, Plaintiff's failure to report his change in work status was an honest mistake, "an honest mistake may be

3

sufficient to constitute fault" for overpayment of disability benefits. *Ctr. v. Schweiker*, 704 F.2d 678, 680 (2d Cir. 1983). Moreover, the Second Circuit has rejected claims by recipients "that [they] did not receive th[e] notice" because the "lack of ... knowledge on the part of [the recipient] would *not* excuse him from his obligation to reimburse." *Id.* (emphasis added). Here, Plaintiff is at fault because he "accept[ed] a payment which he knew or could have been expected to know was incorrect." *Feuer*, 2008 WL 4755554, at *3 (quoting *Schweiker*, 704 F.2d at 680). The Court finds the Commissioner's decision applied correct legal standards and is supported by substantial evidence.

<u>**CONCLUSION**</u>

Because the Commissioner's final decision is well-supported and Plaintiff's arguments to the contrary are meritless, the Commissioner's motion for judgment on the pleadings is GRANTED, and the Commissioner's final decision is AFFIRMED. The Clerk is respectfully directed to enter judgment in favor of the defendant, Commissioner of the United States Social Security Administration, and to close this case.

**So ordered.**

Dated:    March 3, 2026
          Brooklyn, New York    **Kiyo A. Matsumoto**
                                United States District Judge
                                Eastern District of New York

4